UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

NESTOR PADILLA                          :
                                        :
       Petitioner               :      CIVIL NO. 4:CV-07-919
                                        :
  v.                                    :
                                        :
                                        :      (Judge McClure)
WARDEN, USP-ALLENWOOD, ET AL.,:
                                        :
                                        :
       Respondent               :

### MEMORANDUM

May 24, 2007

**Background**

    Nestor Padilla ("Petitioner"), an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania ("USP-Allenwood"), filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The required filing fee has been paid. For the reasons outlined below, this action will be transferred to the United States District Court for the District of Puerto Rico.

    Named as Respondents are the USP-Allenwood Warden, the Commonwealth of Puerto Rico and Assistant District Attorney Rosa M. Alexandrino of San Juan, Puerto

Rico. Petitioner states that on September 4, 1998 he was arrested on charges including robbery and aggravated assault in Puerto Rico. Thereafter, on October 22, 2002, Padilla was convicted of a firearms offense in the United States District Court for the Southern District of New York.

The Petitioner began serving a seventy (70) month term of imprisonment imposed by the Southern District of New York on November 20, 2002. According to the petition, Padilla will complete service of his federal sentence on June 14, 2007.

On December 8, 1999, "an ACTIVE WARRANT" seeking the Petitioner's arrest was issued by the Commonwealth of Puerto Rico. Record document no. 1, p. 1. Exhibits accompanying the petition indicate that Padilla was arrested in Puerto Rico on May 30, 1998. The Petitioner was charged with multiple offenses including robbery and assault. He failed to appear for trial on September 8, 1999. On December 8, 1999, Petitioner was declared a fugitive and a bench warrant was issued for his arrest.

By written notice dated December 18, 2002, the Federal Bureau of Prisons (BOP) asked the Commonwealth of Puerto Rico if it wanted the bench warrant to be lodged as a detainer. See id. at Exhibit A. In a response dated March 20, 2007, the

Commonwealth of Puerto Rico requested that the bench warrant be lodged as a detainer with the BOP .[1]  See id. at Exhibit B.

Petitioner's present action is apparently challenging the legality of the detainer on the grounds that it is time barred.  Padilla alleges that the response by the Commonwealth of Puerto Rico requesting the imposition of the detainer is in violation of his right to a speedy trial and the Interstate Agreement on Detainers ("IAD") which creates uniform procedures for the lodging and execution of detainers.  As relief, Padilla asks that be released upon completing service of his federal sentence.

**Discussion**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its

---

[1]   A detainer is a legal order that requires the custodial official of an individual currently imprisoned to hold that individual when he has finished serving his sentence so that he may be tried by a different jurisdiction for a different crime. Alabama v. Bozeman, 121 S.Ct. 2079, 2082. (2001).

3

summary dismissal and cause the petitioner to be notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).

A habeas corpus petition is "a proper vehicle for challenging a detainer on the ground that prosecution on the underlying charges would be unconstitutional." Grant v. Hogan, 505 F.2d 1220, 1223 (3d Cir. 1974). However, federal habeas relief is only available if the applicant has exhausted the remedies available to him in the indicting forum. Id. In Mokone v. Fenton, 710 F.2d 998, 1002 (3d Cir. 1983), the Court of Appeals for the Third Circuit recognized that "a habeas petitioner seeking a speedy trial in another state, or seeking to bar prosecution of a charge upon which an out-of-state detainer is based, must exhaust the remedies of the state where the charge is pending."

In Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 498-99 (1973), the Supreme Court noted that, "the State holding the prisoner in immediate confinement acts as agent for the demanding State and the custodian State is presumably indifferent to the resolution of the prisoner's attack on the detainer." More recently, in Graham v.

Brooks, 342 F. Supp.2d 256, 261 (D. Del 2004), the district court noted that "when a federal prisoner challenges his future confinement by challenging a state detainer, the federal warden is not" the prisoner's custodian. Rather, the "petitioner is deemed to be in custody of the state officials lodging the detainer, at least for the purposes of the habeas action." Id. Graham reiterated that the district court having jurisdiction over the state which issued the detainer has habeas jurisdiction over § 2241 petitions filed in such cases. See id. at 261-62.

A court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a). The United States Supreme Court in Hoffman v. Blaski, 363 U.S. 335, 343 (1960) recognized that under § 1404(a), a civil action may be transferred by a district court to another district court where that action may have been brought by the plaintiff. The Court in Braden held that an action by an inmate attacking a detainer lodged by another state may be transferred for the interests to a more convenient forum, i.e., the district court having jurisdiction over the forum which lodged the detainer. See also, Monaghan v. Superintendent Dragovich, Civil Action No. 4:CV-02-1420, slip op. at 3 (M.D. Pa. Aug. 20, 2002)(McClure, J.).

It is apparent to this Court that the United States District Court for the District of Puerto Rico is a more convenient forum within which to attack the legality of a detainer issued by the Commonwealth of Puerto Rico and also to answer any exhaustion related issues.  Consequently, pursuant to § 1404(a), this matter will be transferred to the United States District Court for the District of Puerto Rico.  An appropriate Order will enter.

      s/ James F. McClure, Jr.
JAMES  F. McCLURE
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NESTOR PADILLA, | : | |
| | : | |
| Petitioner | : | CIVIL NO. 4:CV-07-919 |
| | : | |
| v. | : | |
| | : | |
| | : | (Judge McClure) |
| WARDEN, USP-ALLENWOOD, ET AL.,: | | |
| | : | |
| Respondents | : | |

## **ORDER**

May 24, 2007

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1. The Clerk of Court is directed to transfer this action to the United States District Court for the District of Puerto Rico.

2. The Clerk of Court is directed to close this case.

    s/ James F. McClure, Jr.
JAMES  F. McCLURE
United States District Judge

7